UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIERNAN CORRIGAN,

     Plaintiff,

v.                           Case No.:  2:24-cv-833-SPC-NPM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____/

## OPINION AND ORDER

Before the Court is United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation.  (Doc. 15).  Judge Mizell recommends affirming the decision of the Commissioner of Social Security.  Plaintiff objects (Doc. 16), and the time for Defendant to respond to the objection has lapsed.  So the matter is ripe for review.

When reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  When objections are made, the district court engages in a de novo review of the issues raised.

Having examined the record, the Court overrules Plaintiff's objection and adopts Judge Mizell's Report and Recommendation in full.  The objection—

and Plaintiff's entire appeal—focuses on the ALJ's purported failure to account for Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace.

At step two of the sequential evaluation, the ALJ found Plaintiff has a moderate limitation in concentrating, persisting, or maintaining pace. (Doc. 9 at 27). Plaintiff argues the ALJ failed to consider this mental limitation when formulating the residual functional capacity ("RFC"), which merely limits him to unskilled work. If Plaintiff is correct, this would be problematic. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (explaining a restriction to simple, routine tasks or unskilled work fails to account for a claimant's limitation in concentration, persistence, and pace absent medical evidence that the claimant can engage in such work despite the limitation). But Plaintiff is not correct.

The RFC provides that Plaintiff retains the ability to understand, remember and carry out simple instructions and perform simple routine tasks consistent with unskilled work, can make judgments regarding simple work-related decisions, can respond appropriately to routine usual work situations, and can deal with routine changes in a routine work setting—despite his mental limitations.[1] And the ALJ relayed this finding to the vocational expert

---

[1] Judge Mizell determined substantial evidence supports this finding (Doc. 15 at 11–13), which Plaintiff does not challenge. Regardless, the Court concurs with Judge Mizell's finding.

in the ALJ's hypothetical. (Doc. 9 at 78). "[R]estricting the claimant to simple and routine tasks adequately accounts for restrictions related to concentration, persistence, and pace where the medical evidence demonstrates that the claimant retains the ability to perform the tasks despite limitations in concentration, persistence, and pace." *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 907 (11th Cir. 2013) (citing *Winschel*, 631 F.3d at 1180). So Plaintiff's argument easily fails. *See Mijenes v. Comm'r of Soc. Sec.*, 687 F. App'x 842, 846 (11th Cir. 2017) ("Because the medical evidence showed that [the claimant] could perform simple, routine tasks despite her limitations in concentration, persistence, and pace, the ALJ's limiting of [the claimant's RFC] to unskilled work sufficiently accounted for her moderate difficulties in concentration, persistence, and pace."); *Duval v. Comm'r of Soc. Sec.*, 628 F. App'x 703, 713 (11th Cir. 2015) ("[T]he ALJ accounted for [the claimant's] moderate limitations in concentration, persistence, or pace by limiting him to simple, routine, and repetitive tasks, which medical evidence showed he could perform."); *Lee v. Comm'r, Soc. Sec. Admin.*, 551 F. App'x 539, 541 (11th Cir. 2014) (concluding the ALJ adequately accounted for the claimant's limitations in concentration, persistence, and pace "when he imposed a limitation of simple work").

That's not all. The RFC also restricts Plaintiff's in-person contact with the public and limits him to only occasional contact with coworkers and

supervisors. These additional restrictions doom Plaintiff's objection. *See Kunz v. Comm'r of Soc. Sec.*, 539 F. App'x 996 (11th Cir. 2013) (concluding the ALJ adequately accounted for the claimant's moderate limitation in maintaining concentration, persistence, or pace by restricting his work to simple routine tasks and occasional interaction with others); *Timmons*, 522 F. App'x at 907 (the ALJ's finding that claimant had the ability to do light work limited to simple tasks with only occasional contact with the public, coworkers, and supervisors adequately accounted for moderate limitation in concentration, persistence, and pace).

For the foregoing reasons, the decision of the ALJ is affirmed, and Judge Mizell's well-reasoned Report and Recommendation is adopted in full.

Accordingly, it is now

**ORDERED:**

1. United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation (Doc. 15) is **ACCEPTED and ADOPTED**, and the findings are incorporated here.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 16, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record